UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

IN RE MALIBU MEDIA ADULT FILM
COPYRIGHT INFRINGEMENT CASES

ORDER
15-cv-3490 (ADS)(SIL)
15-cv-3491 (JFB)(SIL)
15-cv-3492 (DRH)(SIL)
15-cv-3494 (JMA)(SIL)
15-cv-3495 (SJF)(SIL)
15-cv-3496 (ADS)(SIL)
15-cv-3497 (LDW)(SIL)
15-cv-3498 (SJF)(SIL)
15-cv-3499 (JFB)(SIL)
15-cv-3500 (LDW)(SIL)
15-cv-3502 (JS)(SIL)
15-cv-3503 (JMA)(SIL)
15-cv-3504 (JFB)(SIL)
15-cv-3505 (JFB)(SIL)

----------------------------------------------------------------x

**LOCKE, Magistrate Judge:**

Plaintiff Malibu Media, LLC ("Plaintiff" or "Malibu Media") commenced these copyright infringement actions against various John Doe Defendants (the "Doe Defendant(s)"), alleging that the Doe Defendants illegally downloaded and distributed pornographic movies in violation of Plaintiff's copyright interests arising under 17 U.S.C. §§ 101 *et seq.* *See* Docket Entry ("DE") [1].[1] Plaintiff claims that it is only able to identify the Doe Defendants by the Internet Protocol ("IP") addresses with which they are allegedly associated. *Id.*

After filing its Complaint, Plaintiff filed a motion for expedited pre-answer discovery pursuant to Federal Rule of Civil Procedure 26(d)(1), seeking permission to

---

[1] The facts and circumstances described in this Order are virtually identical to those asserted in each of the related actions identified in the caption. Internal citations to docket entries refer to the action styled *Malibu Media, LLC v. Doe*, bearing case number 15-cv-3490 (ADS)(SIL).

1

serve subpoenas upon various Internet Service Providers ("ISPs") to obtain the true identities of the Doe Defendants for the purpose of further litigation. *See* DE [4]. On July 29, 2015, the Court granted Plaintiff's motion, finding that good cause existed to allow for limited expedited pre-answer discovery because Plaintiff lacked an alternative viable method of obtaining the Doe Defendants' identities without a court-ordered subpoena. *See* DE [9]. Mindful of the privacy concerns implicated by Plaintiff's motion, the Court *sua sponte* issued a protective order governing the manner in which the expedited pre-answer discovery would be conducted. *Id.* at 11-12. The protective order required that, within 60 days of receiving a subpoena, the ISP provide a copy thereof to the subscriber associated with the relevant IP address. *Id.* Upon receipt of the subpoena from the ISP, the associated subscriber has 60 days to file a motion with the Court contesting disclosure of that person or entity's identity. *Id.*

On September 25, 2015, in the action styled *Malibu Media, LLC v. Doe*, bearing case number 15-cv-3504 (JFB)(SIL), the Doe Defendant filed a Motion to Quash Subpoena and Motion for a Protective Order preventing Plaintiff from obtaining further discovery as to the Doe Defendant. *Malibu Media, LLC v. Doe*, No. 15-cv-3504 (E.D.N.Y. Sept. 25, 2015), ECF No. 10. According to that Doe Defendant, good cause did not exist to permit expedited pre-answer discovery because, among other reasons: (i) the common approach for identifying allegedly infringing BitTorrent users, and thus the Doe Defendant, is inconclusive; (ii) copyright actions, especially those involving the adult film industry, are susceptible to abusive litigation practices;

2

and (iii) Malibu Media in particular has engaged in abusive litigation practices. *Id.* at ¶¶ 11-13, 18-20. Plaintiff's opposition to the Doe Defendant's motion is due on October 27, 2015, and the Doe Defendant's reply is due on November 17, 2015.

Because the arguments advanced in the Doe Defendant's Motion to Quash raise serious questions as to whether good cause exists in these actions to permit the expedited pre-answer discovery provided for in the Court's July 29, 2015 Order, the relief and directives provided for in that Order are stayed pending resolution of the Doe Defendant's Motion to Quash. *See Gambale v. Deutsche Bank AG*, 277 F.3d 133, 141 (2d Cir. 2004) ("It is undisputed that a district court retains the power to modify or lift protective orders that it has entered."). Based on the foregoing:

**IT IS ORDERED** that the directives and relief provided for in this Court's July 29, 2015 Order are hereby stayed pending resolution of the Doe Defendant's Motion to Quash in the action styled *Malibu Media, LLC v. Doe*, bearing case number 15-cv-3504 (JFB)(SIL); and

**IT IS FURTHER ORDERED** that, if Malibu Media has already served a subpoena and copy of the Court's July 29, 2015 Order on the ISP identified in the Complaint, Malibu Media shall also serve a copy of this Order on the ISP within ten (10) days; and

**IT IS FURTHER ORDERED** that, in the event Malibu Media has not yet served a subpoena and copy of the Court's July 29, 2015 Order on the ISP identified in the Complaint, it shall not do so absent further instruction from the Court; and

**IT IS FURTHER ORDERED** that, under no circumstance shall the ISP identified in the Complaint take any further action contemplated by the Court's July 29, 2015 Order absent further instruction from the Court. Specifically, if the ISP has received a subpoena and copy of the Court's July 29, 2015 Order, but has not yet served a copy of the same on the subscriber associated with the implicated IP Address, the ISP shall not do so absent further instruction from the Court. Alternatively, if the ISP has served a copy of a subpoena and the Court's July 29, 2015 Order on the subscriber associated with the implicated IP Address, the ISP shall not disclose the subscriber's identity to Malibu Media absent further instruction from the Court.

Dated: Central Islip, New York
      October 6, 2015                     **SO ORDERED:**

                                                     <u>s/ Steven I. Locke</u>
                                                     STEVEN I. LOCKE
                                                     United States Magistrate Judge